## MUTUAL LIFE INS. CO. *v.* WOODS.

*(Supreme Court, General Term, First Department. January 28, 1889.)*

1. CONVERSION—WHAT CONSTITUTES—MORTGAGE—FORECLOSURE—PARTIES.

   After various provisions, a testator gave all the residue of his estate to his executors in trust, "with power to receive the rents and profits of the same, and to sell, dispose of, and convey the same, * * * and to invest and keep invested such rents and profits, and the proceeds of such sale or sales * * * and to apply the same, and the income thereof," as thereinafter directed. *Held*, that this constituted a conversion of the realty into personalty on testator's death, and a beneficiary under the will was not a necessary party to a suit for foreclosure of a mortgage on the realty, executed by testator.

2. TRUSTS—RENUNCIATION BY TRUSTEE—EVIDENCE.

   Where a will vests a trust in persons named as executors, and such persons never qualify as executors, and perform acts inconsistent with accepting a trust under the will, a renunciation of the trust may be inferred.

Appeal from judgment on report of referee.

Action by the Mutual Life Insurance Company of New York against Edwin B. Woods, to enforce specific performance of a contract to purchase land from plaintiff. Judgment was entered on report of a referee for plaintiff, and defendant appeals. The will of William H. Raynor, deceased, referred to in the opinion, provided, *inter alia*: "*Fifthly*. I give, devise, and bequeath all the rest, residue, and remainder of my estate, real and personal, unto my executrix and executors hereinafter named, and the survivors and survivor of them, in trust, with power to receive the rents and profits of the same, and to sell, dispose of, and convey the same at such time or times, and in such manner, as to them shall seem proper and best for the interest of my estate, and to invest and keep invested such rents and profits, and the proceeds of such sale or sales, * * * and to divide and apply the same and the income thereof as hereinafter directed." Following clauses of the will directed the distribution of the income "of said residue and remainder" of the estate; and the daughter of testator, whose child was not made a party to the foreclosure suit mentioned in the opinion, was given an interest in said income, with remainder over to her children. The foreclosure suit was of a mortgage on the premises in controversy in this suit, executed by William H. Raynor in his life-time to the plaintiff in this action.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Martin & Smith*, (*Aaron Pennington Whitehead* and *John Duer*, of counsel,) for appellant. *Turner, McClure & Ralston*, (*Herbert B. Turner* and *William H. L. Lee*, of counsel,) for respondent.

VAN BRUNT, P. J. The objection which is made to the title in this action arises from the claim of a defect of parties in a foreclosure suit through which the plaintiffs derived title, in that certain persons who are named as executors and trustees in the will of William H. Raynor, deceased, through whom this title was derived, and who never qualified as executors, were not made parties, and also because between the time or the commencement of the action and the entry of the judgment of foreclosure a daughter was born to one of the testator's daughters, who is not made a party to the action, and who it is claimed had a vested remainder in the land in question. The points arise upon a construction of the will of William H. Raynor, deceased, and also present the question whether the executors named in the will, who never qualified, took any interest in the trust-estate. It may not be at all necessary to say a word in addition to the careful opinion which has been rendered by the referee in the consideration of the questions involved upon this appeal, because such opinion deals entirely satisfactorily with the various questions presented. In the determination of this appeal we will not go over any of the points which have been so ably discussed by the referee, except by way of making a sugges-

tion in addition thereto. It is claimed upon the part of the appellant that by the will in question a trust was vested in the executors as individuals, and not *ratione officii;* and that, there being a presumption that the trustees had accepted the trust, it is necessary to establish a formal renunciation of the trust in order that it might be certain that the executors named, and who have not qualified as such, have taken no interest in the trust. It had been held prior to *Beekman* v. *Bonser,* 23 N. Y. 298, that a renunciation by an executor who renounces his office as executor does not necessarily imply that he has renounced the trust declared in the will. But it was held in that case, and in the case of *Burritt* v. *Silliman,* 13 N. Y. 93, that a formal deed of disclaimer was not necessary, but that the renunciation of the trust might be inferred from circumstances. To the same effect is the case of *Dunning* v. *Bank,* 61 N. Y. 497. Applying these principles to the case at bar, it is established that the executors named in the will, who are not parties to the foreclosure action, never qualified as such, and that they performed acts during their lives which were inconsistent with the facts of their accepting the trust created under the will. These acts were sufficient to justify the ruling of the referee that there was never any intention on their part of accepting the trust, and that they did not do so.

It is only necessary to consider further the question as to the necessity of making the grand-daughter a party; and this depends upon whether she acquired any interest in the land devised to his executors by the testator as land. An examination of the terms of the will seems to show beyond all question that the conclusion of the referee was correct, and that no interest in this land, as land, passed to the grandchildren; that there was an equitable conversion, by the terms of the will, of his real estate into personalty; that the whole title was vested in Mrs. Raynor as the only qualified executor and trustee; and that the grandchildren were therefore not necessary parties to the foreclosure in question. In addition to the grounds for this conclusion named by the referee, it may be proper to call attention to one feature of that part of the will by which this trust is created, which seems to prove conclusively that such conversion was intended by the testator. The fifth paragraph of the will gives, devises, and bequeaths all the rest, residue, and remainder of the testator's estate, real and personal, to his executrix and executors thereinafter named and the survivors in trust, with power to receive the rents and profits of the same, and to sell, dispose of, and convey the same, at such time or times, and in such manner, as to them shall seem proper and best for the interests of his estate, and to invest and keep invested such rents and profits, and the proceeds of such sale or sales, in bonds of the United States, or of the city or state of New York, or in first bonds and mortgages upon good and sufficient real estate, and to apply the same and the income thereof as therein directed. He then directs as to how the income of this fund invested shall be divided, with remainders over. It is to be observed that the rents and profits of the real estate are not to be divided as rents and profits. On the contrary, they are to be invested together with the proceeds of the sales of both real and personal property, and it is the income from this sum so invested which was to be divided. Now, if there was to be any division of the lands so that the grandchildren acquired a vested interest in the lands, there would have been a provision for the division of rents and income of the land. There being no such provision, it is apparent that the testator intended that his whole estate should be converted into money, and invested as money, and that the income from such investment should be divided. Such being the clear intention of the testator, such conversion operated from the death of the testator, and the grandchildren took no interest in the lands, and therefore were not necessary parties to the suit. For these reasons, and those of the referee in his report, we are of opinion that the title which was tendered was sufficient, and the judgment appealed from should be affirmed, with costs. All concur.